## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:16-CR-55-DBH** |
| ) | |
| **JOSHUA THURLOW,** ) | |
| ) | |
| **DEFENDANT** ) | |

## SENTENCING ORDER CONCERNING GUIDELINE 4A1.2(c)(1)

In connection with a sentence I imposed on September 28, 2016, Guideline 4A1.2(c)(1) determined whether two prior convictions should be counted. United States Sentencing Commission, Guidelines Manual, § 4A1.2(c)(1) (Nov. 2015) [hereinafter "Guideline 4A1.2(c)(1)"]. Because the Guideline Commentary and the First Circuit approach have changed since United States v. Spaulding, 339 F.3d 20 (1st Cir. 2003), I told the parties that I would issue a written opinion explaining how Guideline 4A1.2(c)(1) now applies.

Guideline 4A1.2(c)(1) lists certain offenses that are not counted in Criminal History if the sentence was minor.[1] It also includes "offenses similar to them." In Spaulding, the First Circuit applied a 3-factor approach in determining whether an unlisted offense was "similar to" a listed offense—namely, the

---

[1] Guideline 4A1.2(c)(1) provides that sentences for these offenses are counted only if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days."

"elements of the two offenses," the "relative danger posed by each crime," and the "risk of recidivism displayed by each crime." 339 F.3d at 22. After Spaulding, in light of a split among the Circuits over how to read this Guideline, the United States Sentencing Commission amended the Commentary to 4A1.2(c)(1). As the reason for the amendment, the Commission stated:

> The amendment resolves a circuit conflict over the manner in which a court should determine whether a non-listed offense is "similar to" an offense listed at § 4A1.2(c)(1) or (2). Some courts have adopted a "common sense approach," first articulated by the Fifth Circuit in United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991). This common sense approach includes consideration of all relevant factors of similarity such as "punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." Id. See also United States v. Martinez-Santos, 184 F.3d 196, 205–06 (2d Cir. 1999) (adopting Hardeman approach); United States v. Booker, 71 F.3d 685, 689 (7th Cir. 1995) (same). Other courts have adopted a strict "elements" test, which involves solely a comparison between the elements of the two offenses to determine whether or not the offenses are similar. See United States v. Elmore, 108 F.3d 23, 27 (3d Cir. 1997); United States v. Tigney, 367 F.3d 200, 201–02 (4th Cir. 2004); United States v. Borer, 412 F.3d 987, 992 (8th Cir. 2005). This amendment, at Application Note 12(A), adopts the Hardeman "common sense approach" as a means of ensuring that courts are guided by a number of relevant factors that may help them determine whether a non-listed offense is similar to a listed one."

U.S. Sentencing Guidelines Manual app. C, amend. 709 (U.S. Sentencing Comm'n 2007). Now Application Note 12(A) in the Commentary to Guideline 4A1.2(c)(1) provides:

> In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments

2

> imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

In <u>United States v. McKenzie</u>, 539 F.3d 15, 17–18 (1st Cir. 2008), the First Circuit recognized that the Guideline Commentary had shifted to the "common sense" and 5-factor analysis, but applied <u>Spaulding</u> instead of the new Commentary because McKenzie had been sentenced before the Commentary change and because the court concluded that it would not affect the outcome in that case. In 2010 in <u>United States v. Maldonado</u>, 614 F.3d 14 (1st Cir. 2010), however, the First Circuit did apply the new common-sense and 5-factor analysis, with no further reference to <u>Spaulding</u>, in deciding that a Massachusetts "attaching plates" offense was not to be counted because it was similar to the listed offenses of driving with a revoked or suspended license or giving false information to a police officer.

I conclude, therefore, that determining whether an offense is similar to a listed offense now requires the <u>Maldonado</u> analysis applying the amended Guideline Commentary. I observe first that there is an underlying issue that I do not address, namely, what documents or other evidence a sentencing judge can consult in making the Guideline analysis.[2] I do not address that issue

---

[2] Discussing the five factors in <u>Maldonado</u>, the First Circuit noted that "two are independent of the defendant (comparative penalties, elements), one appears to be specific to the defendant (level of punishment) and two (culpability, threat of recurrence) could be either." 614 F.3d at 18. The First Circuit has not, however, specified which documents the court should consider in determining the defendant's underlying conduct in light of <u>Shepard v. United States</u>, 544 U.S. 13 (2005). See <u>United States v. Woodard</u>, No. 1:11-CR-00207-JAW, 2012 WL 5254899, at *5 (D. Me. Oct. 23, 2012).

because here the parties agreed at the sentencing hearing on what I should consider.³

One of the offenses, PSR ¶ 27, is a state conviction for violating a condition of release while the defendant was on state bail. The parties have stipulated that the condition violated was the requirement that he commit no other criminal offense, and that the offense he committed was operating a motor vehicle after suspension. His punishment for violating the condition was 24 hours/time served. "Driving . . . with a . . . suspended license" is a specifically listed offense under Guideline 4A1.2(c)(1) that is *not* to be counted when the punishment is at this level. But the charge of driving after suspension was *dismissed* in state court when the defendant pleaded guilty to violating the bail condition that he commit no other crime. So is the offense of violating that *condition* "similar to" the dismissed substantive offense of operating after suspension? Common sense suggests that we should consider not only the fact that the defendant violated a bail condition, but also the nature of the violation. And as Maldonado reasoned, "[i]n the end, the guideline provision in question is mainly aimed at screening out minor offenses." 614 F.3d at 19. The violation of the condition here seems to be a minor offense.

---

³ Because of their agreement, I do not decide the role, if any, of the categorical analysis under Taylor v. United States, 495 U.S. 575 (1990), in the common sense approach. Other federal circuit courts, however, have indicated that the common sense approach, which allows an examination into the defendant's actual conduct, is distinct from the categorical approach, which examines only the elements of the underlying offense. E.g., United States v. Hernandez, 634 F.3d 317, 319 & n.11 (5th Cir. 2011); United States v. Strain, 410 F. App'x 487, 490 (3d Cir. 2011); see also United States v. Garcia-Sandobal, 703 F.3d 1278, 1284–85 (11th Cir. 2013).

But it is also the case that violating the condition means that the defendant violated a court order (the bail condition) by operating after suspension. Does that make it more serious? One of the other listed offenses that is not counted is "contempt of court." If I compare this violation to contempt of court, applying Maldonado and the Guideline Commentary I observe that the "comparison of punishments" shows that the penalties for the two offenses differ but not markedly so.[4] The "perceived seriousness of the offense as indicated by the level of punishment" for this defendant could not be much lower—he was sentenced to 24 hours/time served. See Gov't Ex. 1. The "elements of the offense" are similar: contempt and violating a release condition both involve disobedience of a lawful court order. See United States v. Perkins, 421 F. Supp. 2d 209, 212 (D. Me. 2006).[5] The "level of culpability involved" really cannot be determined on this record—if it is to be assessed in the abstract, violating a condition regarding

---

[4] Under Maine law, violating a condition of release is a Class E crime, punishable by up to six months and a $1,000 fine. See 15 M.R.S. § 1092 (2015). Criminal contempt (now under Rule 66 of the Maine Rules of Civil Procedure) has no limitation on punishment except proportionality where the proceedings are plenary. See Me. R. Civ. P. 66(c)(3).

[5] According to Rule 66 of the Maine Rules of Civil Procedure, contempt "includes but is not limited to" the following: "(i) disorderly conduct, insolent behavior, or a breach of peace, noise or other disturbance or action which actually obstructs or hinders the administration of justice or which diminishes the court's authority; or (ii) failure to comply with a lawful judgment, order, writ, subpoena, process, or formal instruction of the court." Me. R. Civ. P. 66 (a)(2)(A). As interpreted by the Law Court, criminal contempt involves "any act which is calculated to embarrass, hinder or obstruct the court in the administration of justice or to lessen its authority or dignity." State v. Delong, 456 A.2d 877, 881 (Me.1983). The Law Court has also clarified that "[w]ilfulness, an essential element of criminal contempt, is established if the act is done by one who should reasonably have been aware that his conduct was wrongful." State v. Holland, 1997 ME 42, ¶ 3, 691 A.2d 196 (internal quotation marks omitted). I am mindful of this Court's decisions in United States v. Daigle, 564 F. Supp. 2d 50 (D. Me. 2008), and United States v. Woodard, No. 1:11-CR-00207-JAW, 2012 WL 5254899 (D. Me. Oct. 23, 2012), where Judge Woodcock noted the mens rea distinction between contempt and a condition of release violation, which is a strict liability crime, and I agree that the mens rea of the two crimes differs. But that is now only one consideration among several, and the common sense approach suggests that the elements of both offenses are overall similar inasmuch as both involve disobedience of a lawful court order.

licensed motor vehicle operation does not seem obviously more serious than typical contempt of court. The "degree to which the commission of the offense indicates a likelihood of recurring criminal conduct" cannot be determined. I conclude that under the common sense approach and Maldonado's guidance (the analysis is designed to "screen[ ] out minor offenses"), this conviction for violating the condition is "similar to" driving with a suspended license and/or contempt of court. The fact that it could be both does not make a difference.

The other offense in question is a criminal mischief misdemeanor conviction for which the defendant received no fine or jail time, and only paid $20 to the victims' compensation fund. See PSR ¶ 25C; Def. Ex. 1. The charging document, Gov't Ex. 2, states that the defendant "having no reasonable ground to believe he had a right to do so, did intentionally knowingly, or recklessly damage or destroy a vehicle, property of [another]." The parties agreed at the sentencing hearing that the record did not reliably support any further detail about the defendant's conduct. "Careless or reckless driving" is a listed offense that is not counted. "Disorderly conduct or disturbing the peace" is also a listed offense that is not counted. Because I am assigning no criminal history points to ¶ 27, however, ¶ 25C will not affect the Criminal History score or the sentence. I therefore do not decide whether this unelaborated criminal mischief conviction should be counted. I do recognize that in United States v. May, 343 F.3d 1, 10 (1st Cir. 2003), the First Circuit affirmed my decision that criminal mischief was not "similar to" disorderly conduct, but I do not decide whether that conclusion would still apply under the amended Guideline Commentary and Maldonado.

Because I do not count the conviction in PSR ¶ 27, the total Criminal History score is no more than 3, and the defendant's Criminal History Category is II.

**SO ORDERED.**

**DATED THIS 3RD DAY OF OCTOBER, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**